IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS PARKING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| GRANITE STATE INSURANCE COMPANY, | ) |
| | ) |
| Serve at: | ) |
| CSC-Lawyers Incorporating Service Company | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 656101 | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff St. Louis Parking Company ("STL Parking"), by and through counsel and for its cause of action against Defendant Granite State Insurance Company ("Granite") states as follows:

### I. Preliminary Allegations

1. At all times relevant hereto, Plaintiff STL Parking was and is a Missouri corporation, in good standing, with the capacity to sue and be sued in its own name. Plaintiff is Missouri corporation with its principal place of business in the State of Missouri. As a result, Plaintiff is a citizen of Missouri for purposes of diversity.

2. At all times relevant hereto Defendant Granite was and is a foreign insurance corporation, in good standing, with the capacity to sue and be sued in its own name. Defendant

1

is a New York corporation with its principal place of business in New York. As a result, Defendant is a citizen of New York for purposes of diversity.

3.      The claim(s) at issue in this action involve a commercial general liability insurance policy, Policy No. 02LX022852869612 (the "Policy"), issued by Defendant Granite to Garda World Security Corporation/Whelan Security Company and which affords coverage to Plaintiff STL Parking as an additional insured on a primary and non-contributory basis. *See* **Exhibit A,** "the Policy," attached hereto. *See also* **Exhibit B,** the Certificate of Insurance naming STL Parking as an additional insured, attached hereto.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201. There is complete diversity of citizenship between the parties and, in light of the claimed damages and coverage limits at issue, the amount in dispute exceeds $75,000.00.

5.      Furthermore, this action involves a case of actual controversy. Plaintiff STL Parking seeks a declaration regarding the rights, obligation and duties of the parties under the Policy. More specifically, Plaintiff has tendered - in its capacity as an additional insured under that Policy - three lawsuits to Defendant Granite for defense and indemnity.

6.      Venue is appropriate before the Court under 28 U.S.C. §§105(a)(1) and 1391 because the lawsuits giving rise to this action are predicated upon incidents that occurred in the City of St. Louis, Missouri; the City of St. Louis, Missouri, is where STL Parking maintains its principal place of business and where the risk insured under the Policy is located; and St. Louis County, Missouri, is where the insurance policy issued to Garda World Security/Whalen Security.

**II.     Pertinent Provisions in the Policy**

7.      **SECTION I - COVERAGES** in the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** (CG 00 01 04 13) incorporated in the Policy provides as follows:

2

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. ….

8. The **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** in the Policy is amended by a series of endorsements. On such endorsement, entitled **ADDITIONAL INSURED – WHERE REQUIRED UNDER CONTRACT OR AGREEMENT** (61712(08/07) states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE FORM

**SECTION II – WHO IS AN INSURED**, IS AMENDED TO READ:

Any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish insurance to that person or organization of the type provided by this policy, but only with respect to liability arising out of our operations or premises owned by or rented to you. ….

9. A second endorsement, entitled **PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION** (CG 20 01 12 19), states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
….
The following is added to the **Other Insurance** Condition and supersedes any provision to the contrary:
Primary and Noncontributory Insurance
This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
    (1) The additional insured is a Named Insured under such other insurance and

    (2)    You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

10. A third endorsement, entitled **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION** (CG 20 10 12 19), next states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART:
….
**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in party, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
….

### III.    <u>Circumstances Giving Rise to This Action</u>

11. On or about January 4, 2021, Plaintiff STL Parking entered into a **SERVICE AGREEMENT** with Whelan Security Co. d/b/a Garda World Security, pursuant to which Garda World Security was to provide security services at various locations in the City of St. Louis, Missouri, including a parking garage located at 419 North 9th Street. *See* **Exhibit C**, "Service Agreement" attached hereto.

12. The **SERVICE AGREEMENT** includes provisions obligating Whelan Security Co. d/b/a Garda World Security to provide insurance to STL Parking as an additional insured on a primary and non-contributory basis and to indemnify STL Parking. *See* **Exhibit B**, ¶¶s 10 and 11.

4

13. The SERVICE AGREEMENT was executed on February 4, 2021, and was in effect throughout May of 2023.

14. Three lawsuits alleging injuries occurring between May 3 and May 5, 2023, to persons while at the parking garage located at 419 North 9th Street have been filed (the "Underlying lawsuits"). All three Underlying Lawsuits contain counts and allegations against STL Parking based on the direct negligence of Garda World Security and its employees' actions or omissions in providing security services for the garage. Copies of the Petitions filed in the Underlying Lawsuits are collectively attached as **Exhibit D**.

15. Plaintiff STL Parking has tendered the Underlying Lawsuits to Defendant Granite for defense and indemnity under the Policy. *See* correspondence collectively attached as **Exhibit E** hereto.

16. Notwithstanding Plaintiff STL Parking's tender of the Underlying Lawsuits for defense and indemnity, Defendant Granite has wrongfully failed and otherwise refused to perform the coverage obligations owed to Plaintiff under the Policy, thereby compelling Plaintiff to defend itself and incur the cost of that defense against the claims brought in the Underlying Lawsuits.

### COUNT I – CLAIM FOR DECLARATORY JUDGMENT

17. Plaintiff STL Parking incorporates by reference the allegations of ¶¶s 1 through 16 above as if fully set forth herein.

18. By reason of the above, an actual and justiciable controversy exists between Plaintiff STL Parking and Defendant Granite with respect to the parties' rights and obligations arising under the Policy (**Exhibit A**) in connection with the claim(s) asserted in the Underlying Lawsuits (**Exhibit D**); and such controversy is ripe for determination by way of declaratory judgment.

19.     Declaratory judgment is both a necessary and proper remedy to determine the rights and obligations of the parties under the Policy (**Exhibit A)**; and no other adequate remedy exists at law or otherwise.

20.     Based upon the foregoing facts and the language of the Policy (**Exhibit A)** , Plaintiff STL Parking is an additional insured and, as such, is entitled to both indemnity and a defense against the claims asserted in the Underlying Actions (**Exhibit D**).

WHEREFORE Plaintiff STL Parking prays that this Court enter a judgment regarding the policy language in **Exhibit A** declaring that:

(a)     Plaintiff STL Parking is entitled to a defense by Defendant Granite against any and all claims asserted against Plaintiff in the Underlying Lawsuits;

(b)     Plaintiff STL Parking is entitled to indemnity from Defendant Granite against any damages awarded against Plaintiff the Underlying Lawsuits, as well as Plaintiff's cost incurred in defending the same; and

(c)     Plaintiff STL Parking shall be awarded such further relief as this Court deems just and appropriate, including an award of attorney's fees and costs incurred in this action.

## COUNT II – CLAIM FOR BREACH OF CONTRACT

21.     Plaintiff STL Parking incorporates by reference the allegations of ¶¶s 1 through 16 above as if fully set forth herein.

22.     Plaintiff STL Parking provided timely notice to Defendant Granite of the claims asserted in the Underlying Lawsuits and otherwise performed all conditions precedent and obligations owed by Plaintiff under the Policy.

23. Plaintiff STL Parking has requested Defendant Granite provide Plaintiff with a defense, as Defendant contractually agreed to do in the Policy, against the claims asserted in the Underlying Lawsuits.

24. In breach of its contractual obligations assumed under the Policy, Defendant Granite has refused and otherwise failed to provide the coverage to Plaintiff STL Parking in response to Plaintiff's tender of the Underlying Lawsuits.

25. Plaintiff STL Parking has incurred substantial attorneys' fees, costs and other defense expenses in answering and litigating the claims in the Underlying Lawsuits, all without the benefit of counsel or defense costs from Defendant Granite.

26. Defendant Granite has breached the terms of the Policy by refusing and otherwise failing to provide a defense or indemnity to Plaintiff STL Parking in response to the Underlying Lawsuits.

27. As a direct and proximate result of the breach by Defendant Granite, Plaintiff STL Parking has suffered and will continue to suffer actual damages.

WHEREFORE Plaintiff STL Parking prays this Court enter judgment against Defendant Granite awarding Plaintiff fair and reasonable actual damages in Count II, pre- and post-judgment interest at the rate under applicable Missouri law, and such other and further relief as the Court shall deem just and proper under the facts and circumstances.

## COUNT III - CLAIM FOR VEXATIOUS DAMAGES

28. Plaintiff STL Parking incorporates by reference the allegations of ¶¶s 1 through 27 above as if fully set forth herein.

29. Defendant Granite's refusal and/or failure to provide Plaintiff STL Parking a defense and indemnity against the claims asserted in the Underlying Lawsuits was and is vexatious

because it has been done in bad faith; and was and is willful and without any reasonable cause or excuse, as it would appear to any reasonable person at the time the Underlying Lawsuits were tendered to Granite for defense and indemnity and all times thereafter.

30.     Plaintiff STL Parking is therefore entitled to recover damages as provided for in RSMo. § 375.420, as well as reasonable attorneys' fees in pursuing this action.

WHEREFORE Plaintiff STL Parking prays this Court enter judgment against Defendant Granite awarding damages as permitted by Section 375.420, for Plaintiff's reasonable attorneys' fees and costs incurred in pursuing this action, and for such other and further relief as the Court shall deem just and proper under the facts and circumstances.

**BUCKLEY, ENGELBART & CHAPELL, LLC**

By: */s/ Justin S. Chapell*
Justin S. Chapell        #50954MO
10805 Sunset Office Drive, Suite 401
St. Louis, MO 63127
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
jchapell@buckleylawllc.com
Attorneys for Plaintiff St. Louis Parking Company